**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| **ANTHONY G. CORPE, II and** | ) | |
| **VALERIE D. CORPE** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:12-CV-04229-FJG** |
| | ) | |
| **BANK OF AMERICA, N.A., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>SUGGESTIONS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>**

**BRYAN CAVE LLP**
Steven G. Brown, MO No. 43931
James D. Lawrence, MO No. 53411
1200 Main Street, Suite 3500
Kansas City, MO 64105
(816) 374-3200
(816) 374-3300 (Fax)
steven.brown@bryancave.com
jdlawrence@bryancave.com

ATTORNEYS FOR DEFENDANT BANK
OF AMERICA, N.A. AND BAC HOME
LOANS SERVICING, LP

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................. 1

II.   STANDARD ........................................................................................ 1

III.  ARGUMENT ....................................................................................... 2

      A.    No Private Right of Action Exists under the HAMP Provision............................. 2

      B.    Plaintiffs Fail to State a Cause of Action under Counts I and II for Declaratory Judgment or Injunctive Relief. ........................................ 3

            1.    There Is No Basis for Declaratory Judgment or Injunctive Relief. ............. 3

            2.    Plaintiffs' Suggestion that Bank of America Does Not Hold the Note Is Baseless. ........................................................... 4

                  a.    Plaintiffs know that Bank of America owns/holds the Note........... 4

                  b.    Bank of America attaching the Note should not convert this to a summary judgment motion. .......................................... 5

            3.    Plaintiffs' "Show Me the Note" Position Is Without Merit. ....................... 5

      C.    Plaintiffs Fail to State a Claim for Breach of Contract/Duty of Good Faith and Fair Dealing (Count III). ........................................... 6

            1.    No Breach of Contract Can Be Proven. ....................................... 6

            2.    The Credit Agreement Statute of Frauds Is Fatal to Plaintiffs' Breach of Contract Claim. ........................................ 7

      D.    Plaintiffs Fail to Establish a Basis for their Claim of Fraudulent Misrepresentation (Count IV). .................................................. 8

      E.    Plaintiffs Fail To State a Claim for Negligent Misrepresentation (Count V) Because There Is No Duty. ........................................... 9

      F.    Plaintiffs Fail to State a Claim under the MMPA (Count VI). ........................... 10

      G.    No Basis Exists for a Claim under the RICO Provision. ................................ 11

            1.    Plaintiffs Cannot Establish a Pattern of Racketeering Activity. ................ 12

            2.    Plaintiffs Fail to Satisfy Pleading Requirements or Show a Pattern of Racketeering Activities for Mail or Wire Fraud. ............................... 14

IV.   CONCLUSION ..................................................................................... 15

# **TABLE OF AUTHORITIES**

## **Cases**

*Abels v. Farmers Commodities Corp.*,
    259 F.3d 910 (8th Cir. 2001) .................................................................................. 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................... 1, 2

*Beavers v. Rec. Ass'n of Lake Shore Estates, Inc.*,
    130 S.W.3d 702 (Mo. App. 2004) .......................................................................... 4

*Bell Atlantic Corporation v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................... 1, 2

*Block v. North Am. Sav. Bank, F.S.B.*,
    59 S.W.3d 567 (Mo. App. 2001) ............................................................................ 8

*Bourdelais v. J.P. Morgan Chase Bank, N.A.*,
    No. 3:10CV670-HEH, 2011 WL 1306311 (E.D. Va. Apr. 1, 2011) ......................... 3

*Cavalier Homes of Alabama, Inc. v. Sec. v. Pac. Housing Servs., Inc.*,
    5 F. Supp. 2d 712 (E.D. Mo. 1997) ....................................................................... 8

*Central Prod. Credit Ass'n. v. Reed*,
    805 S.W.2d 300 (Mo. App. 1991) .......................................................................... 7

*Craig Outdoor Adver. Inc. v. Viacom Outdoor, Inc.*,
    528 F.3d 1001 (8th Cir. 2008) .............................................................................. 12

*Crest Constr. II Inc. v. On Time Auto*,
    No. 07-0728-CV-W-DGK, 2010 WL 3456690 (W.D. Mo. Aug. 27, 2010) .............. 11, 12, 14

*Dodson v. City of Wentzville*, 133 S.W.3d 528 (Mo. App. 2004) ................................... 4

*Dugger v. Bank of America*,
    No. 1:10CV00076 SNLJ, 2010 WL 3258383 (E.D. Mo. Aug. 16, 2010) ................. 7

*Heberer v. Shell Oil Co.*,
    744 S.W.2d 441 (Mo. banc 1988) .......................................................................... 9

*Hobson v. Wells Fargo Home Mortg.*,
    No. 2:11CV00010AGF, 2011 WL 3704815 (E.D. Mo. Aug. 24, 2011) ................... 6

*In re Marion Merrell Dow Inc., Sec. Lit. II*,
    No. 93-0251-CV-W-6, 1994 WL 396187 (W.D. Mo. July 18, 1994) ...................... 5

*Jackson County Bd. of Election Comm'rs v. City of Lee's Summit*,
    277 S.W.3d 740 (Mo. App. 2008) .......................................................................... 4

*Kulovic v. BAC Home Loans Servicing, L.P.*,
    No. 4:10-CV-2058 CAS, 2011 WL 1483374 (E.D. Mo. Apr. 19, 2011) ................. 10

*Midwest Special Surgery, P.C. v. Anthem Ins. Co.*,
    No. 4:09CV646TIA, 2010 WL 716105 (E.D. Mo. Feb. 24, 201 ............................. 12

*Regions Bank v. Homes by Williamscraft, Inc.*,
   No. 1:09-CV-91-TWT, 2009 WL 3753585 (N.D. Ga. Nov. 6, 2009) ....................................... 3

*Renaissance Leasing, LLC v. Vermeer Mfg. Co*.,
   322 S.W.3d 112 (Mo. 2010)............................................................................................. 8

*Robinson v. Hawkins*,
   942 F. Supp. 1234 (E.D. Mo. 1996)................................................................................ 12

*Secure Energy, Inc. v. Coal Synthetics, LLC*,
   No. 4:08CV1719-JCH, 2010 WL 1691327 (E.D. Mo. Apr. 27, 2010).................................... 12

*Soltysiak v. Kjar*,
   No. 4:08CV252-DJS, 2009 WL 539933 (E.D. Mo. Mar. 4, 2009)............................................ 6

*Speaks Family Legacy Chapels, Inc. v. Nat'l Heritage Enters., Inc.*,
   No. 08-CV-04148-NKL, 2009 U.S. Dist. LEXIS 67086 (W.D. Mo. Aug. 3, 2009) ................. 2

*Spence v. Wells Fargo Home Mortg., Inc.*,
   No. 10-03537CVSREL (W.D. Mo. Sept. 1, 2011) ...................................................................... 6

*State ex rel. Koster v. Prof'l Debt Mgmt., LLC*,
   Case No. ED95270, 2011 WL 1532115 (Mo. App. Apr. 5, 2011) ........................................ 10

*Sultan v. BAC Home Loans Servicing, L.P.*,
   2:10-CV-04271-NKL, 2011 WL 1557933 (W.D. Mo. Apr. 25, 2011)..................................... 10

*Vida v. One West Bank, F.S.B.*,
   No. 10–987, 2010 WL 5148473 (D. Or. Dec. 13, 2010)............................................................ 3

*Westphal v. Lake Lotawana Ass'n*,
   95 S.W.3d 144 (Mo. App. 2003)............................................................................................. 4

*White v. BAC Home Loans Servicing, L.P.*,
   No. 4:10-CV-2137 CAS, 2011 WL 1483919 (E.D. Mo. Apr. 19, 2011)................................ 10

*White v. Mid-Continent Invs., Inc.*,
   789 S.W.2d 34 (Mo. App. 1990 ............................................................................................. 5

## Statutes

12 U.S.C. § 5201......................................................................................................................... 2, 3

12 U.S.C. § 5529 ............................................................................................................................. 3

18 U.S.C. § 1341 ........................................................................................................................... 14

18 U.S.C. § 1343 ........................................................................................................................... 14

18 U.S.C. §§ 1961-1968 ....................................................................................................... passim

MO. REV. STAT. § 400.3-301 ........................................................................................................... 4

MO. REV. STAT. § 407 ....................................................................................................... 1, 10, 11

MO. REV. STAT. § 407.020............................................................................................................ 10

MO. REV. STAT. § 407.020.1 ......................................................................................................... 11

Mo. Rev. Stat. § 432.045 .............................................................................................. 7

Mo. Rev. Stat. § 432.045(1) ......................................................................................... 7

Mo. Rev. Stat. § 432.045(2) ......................................................................................... 7

Mo. Rev. Stat. § 443.290 .............................................................................................. 6

Mo. Rev. Stat. § 490.410 .............................................................................................. 6

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 2, 11

Fed. R. Civ. P. 8(a)(2) ................................................................................................... 2

Fed. R. Civ. P. 9(b) .................................................................................................. 1, 9

Defendants Bank of America, N.A. and BAC Home Loans Servicing, LP[1] (collectively "Bank of America"), pursuant to Pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, submits this accompanying memorandum in support of summary judgment:

## I.    INTRODUCTION

On August 26, 2006, Plaintiffs executed a note (the "Note") in favor of Countrywide Bank, N.A. for $274,000.  A copy of the Note is attached to this Motion as Exhibit 1 and incorporated herein by reference.  Bank of America is the current holder of the Note.[2]  Plaintiffs executed a deed of trust to secure the Note on August 29, 2006, which was recorded on September 5, 2006, in Pettis County, Missouri (the "Deed of Trust").  A copy of the Deed of Trust, attached as Exhibit A to Plaintiffs' First Amended Petition, is incorporated herein by reference.

Plaintiffs bring the following seven causes of action: (1) Declaratory Judgment; (2) Temporary Restraining Order, Preliminary Injunction, Permanent Injunction; (3) Breach of Contract/Breach of Duty of Good Faith and Fair Dealing; (4) Fraudulent Misrepresentation; (5) Negligent Misrepresentation; (6) Violation of the Missouri Merchandising Practices Act ("MMPA"); and (7) Violation of the Racketeering and Influence Corrupt Organizations ("RICO") provisions.

## II.    STANDARD

The Supreme Court's recent decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), set forth the appropriate standard for

---

[1] As of July 1, 2011, BAC Home Loans Servicing, LP merged with and into Bank of America, N.A.  For further information, see Motion for Substitution filed August 15, 2011.

[2] Two notes were actually executed:  loan number 144759724 ($274,000) and loan number 144759732 ($40,000).  The primary default, and thus, the focus of this matter, relates to the larger note.  Bryan Cave LLP has possession of the Notes on behalf of Bank of America, and they can be made available for inspection.

1086176.2

deciding a motion to dismiss under Rule 12(b)(6) in a civil case. In *Twombly*, the Court held that Rule 8(a)(2) is not so liberal as to allow a plaintiff to avoid pleading facts altogether. The Supreme Court further clarified this standard in *Iqbal*, providing the following important guidance to district courts ruling on motions to dismiss under Rule 12(b)(6): "first, 'threadbare allegations' and 'the-defendant-unlawfully-harmed-me accusation[s]' are insufficient to survive a motion to dismiss; second, district courts should rely on their own 'judicial experience and common sense' in making the 'context-specific' determination of whether factual allegations make a right to relief plausible." *Speaks Family Legacy Chapels, Inc. v. Nat'l Heritage Enters., Inc.,* No. 08-CV-04148-NKL, 2009 U.S. Dist. LEXIS 67086, at *9 (W.D. Mo. Aug. 3, 2009) (quoting *Iqbal,* 129 S. Ct. at 1949).

## III.    ARGUMENT

### A.    No Private Right of Action Exists under the HAMP Provision.

Nearly all of the factual allegations and claims in Plaintiffs' First Amended Petition are grounded in Bank of America's alleged obligations to Plaintiffs within the framework of the Home Affordable Modification Program ("HAMP").[3]  HAMP was created by the Emergency Economic Stabilization Act of 2008 ("EESA").  One of the main purposes of EESA was "to immediately provide authority and facilities that the Secretary of the Treasury [could] use to restore liquidity and stability to the financial system of the United States."  12 U.S.C. § 5201  *See* http://www.makinghomeaffordable.gov.

In essence, Plaintiffs contend that Bank of America did not give Plaintiffs a fair opportunity to secure a permanent loan modification under HAMP.  *See generally* First Amended Petition.  Plaintiffs have no private right of action under HAMP, however, as such a

---

[3] Plaintiffs also reference the broader "MHA Program". First Amended Petition, ¶ 56.  HAMP is a part of the MHA ("Making Homes Affordable") Program.

right is absent from the language of the EESA creating the HAMP Program. Indeed, Section 5529 expressly addresses judicial review under the Act. 12 U.S.C. § 5529. Under Section 5529, individuals specifically harmed are allowed to challenge *the Secretary's* actions. However, notably absent is any mention of a private right of action against fund recipients or other nongovernmental entities like Bank of America. *See generally* 12 U.S.C. § 5529.

Early on, courts held that no private right of action was implied by Section 5529. *See Regions Bank v. Homes by Williamscraft, Inc.*, No. 1:09-CV-91-TWT, 2009 WL 3753585, at *2 (N.D. Ga. Nov. 6, 2009) (interpreting the absence of a private right of action language under the judicial review process contained within Section 5529 to conclude that Congress did not intend to extend liability to fund recipients). *See, e.g., Bourdelais v. J.P. Morgan Chase Bank, N.A.*, No. 3:10CV670-HEH, 2011 WL 1306311, at *3 (E.D. Va. Apr. 1, 2011) ("Courts universally rejected these claims on the ground that HAMP does not create a private right of action for borrowers against lenders and servicers"). The *Bourdelais* court went on to note that the plaintiff there was "not the first federal-court claimant to assert entitlement to a permanent HAMP modification. *These actions have taken a variety of forms based on different legal theories, none of which have fared well in the courts*." 2011 WL 1306311, at *3 (emphasis added).

The absence a private right of action is fatal to Plaintiffs' position *regardless of the theory* Plaintiffs offer. *Vida v. One West Bank, F.S.B.*, No. 10–987, 2010 WL 5148473, at *5 (D. Or. Dec. 13, 2010). Plaintiffs' First Amended Petition must be dismissed because all of Plaintiffs' claims are rooted in or offshoots of the HAMP provisions.

### B. Plaintiffs Fail to State a Cause of Action under Counts I and II for Declaratory Judgment or Injunctive Relief.

#### 1. There Is No Basis for Declaratory Judgment or Injunctive Relief.

Plaintiffs fail to state a claim for declaratory judgment under Count I. Plaintiffs must

demonstrate the following elements in order to be entitled to declaratory judgment: (1) a justiciable controversy which presents a real, substantial, presently-existing dispute as to which specific relief is sought; (2) a legally protected interest; (3) that the question presented is ripe for judicial determination; and (4) that Plaintiffs have no adequate remedy at law. *Jackson County Bd. of Election Comm'rs v. City of Lee's Summit*, 277 S.W.3d 740, 743 (Mo. App. 2008); *Westphal v. Lake Lotawana Ass'n*, 95 S.W.3d 144, 150 (Mo. App. 2003).

Injunctive relief (Count II) requires a showing of irreparable harm and the lack of an adequate remedy at law. *See, e.g., Dodson v. City of Wentzville*, 133 S.W.3d 528 (Mo. App. 2004). Injunctive relief must be based on "a real apprehension that future acts 'are not only threatened but will in all probability be committed.'" *Beavers v. Rec. Ass'n of Lake Shore Estates, Inc.*, 130 S.W.3d 702, 716 (Mo. App. 2004) (citation omitted).

Plaintiffs fail to state a cause of action for declaratory judgment or injunctive relief because the question is not ripe for judicial determination in that a foreclosure sale has been canceled and a new one is not scheduled. Also, Plaintiffs' other theories (if meritorious) would give Plaintiffs an adequate remedy at law. Counts I and II lack merit.

### 2. Plaintiffs' Suggestion that Bank of America Does Not Hold the Note Is Baseless.

#### a. Plaintiffs know that Bank of America owns/holds the Note.

Plaintiffs contend no documentary evidence demonstrates that Bank of America owns and/or holds Plaintiffs' Note. First Amended Petition ¶ 67. The point is disingenuous, as Bank of America attached a copy of the original Note to its Motion to Dismiss Plaintiffs' original Petition. Both the Note and the Missouri Statutes state that the holder of a note is entitled to receive payments or enforce the note. *See* MO. REV. STAT. § 400.3-301; *White v. Mid-Continent*

*Invs., Inc.,* 789 S.W.2d 34, 39 (Mo. App. 1990); Exhibit 1. Bank of America is not named in Count II, but the count must be dismissed.

> b. <u>Bank of America attaching the Note should not convert this to a summary judgment motion</u>.

The Court can consider the Note without converting this to a summary judgment motion, since Plaintiffs reference the Note in the First Amended Petition—even improperly suggesting that "[o]n information and belief, defendants similarly do not possess and cannot produce the original promissory note." First Amended Petition, ¶ 41. The Court has the discretion not to convert this motion to dismiss to one for summary judgment, because the Note was incorporated into and referenced in Plaintiffs' Petition. *In re Marion Merrell Dow Inc., Sec. Lit. II*, No. 93-0251-CV-W-6, 1994 WL 396187, at *6 n.10 (W.D. Mo. July 18, 1994) (finding that the court may consider "information incorporated or relied on by plaintiffs in their complaint").

### 3. Plaintiffs' "Show Me the Note" Position Is Without Merit.

If the Court would otherwise be inclined to convert this into a summary judgment motion, due to Bank of America's attachment of the Note, Bank of America asks that the Court disregard the attached Note as it relates to this Motion. Plaintiffs' position is without merit, and their case should be dismissed, regardless.

Plaintiffs suggest that Bank of America was required to prove it was a holder in due course prior to foreclosing. First Amended Petition, ¶¶ 65, 67. But nothing in the Missouri foreclosure statute or the Deed of Trust requires such an advance showing. Once recorded, Missouri law gives effect to the statements contained in the lien of a Deed of Trust:

> All mortgages of real property or security agreements providing for a security interest in personal property, or both, with powers of sale in the mortgagee or secured party, and all sales made by such mortgagee, secured party or his personal representatives, in pursuance of the provisions of the mortgages or security agreements, shall be valid and binding by the laws of this state upon the

mortgagors and debtors, and all persons claiming under them, and shall forever foreclose all right and equity of redemption of the property so sold . . .

MO. REV. STAT. § 443.290; *see also, Spence v. Wells Fargo Home Mortg., Inc.*, No. 10-03537CVSREL, slip op. at 4 (W.D. Mo. Sept. 1, 2011) (granting Wells Fargo's motion to dismiss); *Hobson v. Wells Fargo Home Mortg.*, No. 2:11CV00010AGF, 2011 WL 3704815, at *2 (E.D. Mo. Aug. 24, 2011) (dismissing pro-se borrower's complaint by stating that, "[u]nder Missouri law, non-judicial foreclosure is a contractual right established by a power of sale clause in a deed of trust."). Plaintiffs would have the Court ignore the effect that Missouri law gives to these recorded materials and obliterate the contractual right of non-judicial foreclosure.

Similarly, the Deed of Trust is prima facie evidence of the truth of the matters contained within them.[4] MO. REV. STAT. § 490.410. Allowing Plaintiffs' claim to proceed forward would require the Court to ignore the legal effect that Missouri law gives to recorded instruments reflecting a lien in real estate.

### C. Plaintiffs Fail to State a Claim for Breach of Contract/Duty of Good Faith and Fair Dealing (Count III).

#### 1. No Breach of Contract Can Be Proven.

"Under Missouri law, the elements that must be alleged in order for a party to assert a claim for breach of contract are: (1) the existence of an enforceable contract *between the parties*; (2) mutual obligations arising under the terms of the contract; (3) one party's failure to perform the obligations imposed by the contract; and (4) the resulting damage to the other party." *Soltysiak v. Kjar*, No. 4:08CV252-DJS, 2009 WL 539933, at *2 (E.D. Mo. Mar. 4, 2009) (emphasis added).

---

[4] The Deed of Trust shows America's Wholesale Lender as the lender with right to enforce the Note and Deed of Trust. Countrywide Home Loans, Inc. (which became BAC) had done business as America's Wholesale Lender. As noted at footnote 1, BAC merged with and into BANA on July 1, 2011.

Plaintiffs acknowledge that no enforceable contract was entered—admitting that Bank of America "…ultimately [failed] to offer plaintiffs as eligible borrowers…a temporary or permanent loan modification or replacement loan." First Amended Petition, ¶ 78. As such, Plaintiffs fail to satisfy the first breach of contract element. Plaintiffs simply believe they were entitled to loan modification. *See* First Amended Petition ¶¶ 78-79. But no private right of action exists under the HAMP provision, *regardless of the theory*, and loan modifications are not guaranteed to every borrower who applies for one, as lenders are under no duty to afford such a modification. *See Dugger v. Bank of America*, No. 1:10CV00076 SNLJ, 2010 WL 3258383, at *2 (E.D. Mo. Aug. 16, 2010).

2.     **The Credit Agreement Statute of Frauds Is Fatal to Plaintiffs' Breach of Contract Claim.**

To the extent that any contract could be alleged, any such agreement could only be established through various phone conversations, and was not set forth in writing (as no writing promised a loan modification). Plaintiffs must acknowledge that verbal communications are at least a noteworthy part of their argument as to Bank of America's alleged wrongdoing/breach of contract. *See* First Amended Petition, ¶¶ 49, 51, 53, 58, 84. Because of the difficulty in identifying and enforcing oral representations, through the Credit Agreement Statute of Frauds, the Missouri legislature has prohibited claims on verbal credit agreements. Mo. Rev. Stat. § 432.045 prohibits the enforcement, under any legal theory, of a credit agreement that is not in writing. Mo. Rev. Stat. § 432.045(2).[5] "The law presumes that a written contract embodies the entire agreement of the parties, particularly where it is a promissory note." *Central Prod. Credit Ass'n. v. Reed*, 805 S.W.2d 300, 302 (Mo. App. 1991).

---

[5] A "credit agreement" is defined in the statute as "an agreement to lend or forbear repayment of money, or to otherwise extend credit, or to make any other financial accommodation." Mo. Rev. Stat. § 432.045(1).

Missouri courts have routinely denied breach of contract and other claims based on alleged oral agreements to modify terms of a written credit agreement. *See Block v. North Am. Sav. Bank, F.S.B.*, 59 S.W.3d 567, 572, 574 n.3 (Mo. App. 2001) (affirming circuit court's refusal to enforce an oral release agreement as barred by the Credit Agreement Statute of Frauds, which was a question of law); *Cavalier Homes of Alabama, Inc. v. Sec. v. Pac. Housing Servs., Inc.*, 5 F. Supp. 2d 712, 717-18 (E.D. Mo. 1997).

Moreover, ¶ 27 of the Deed of Trust makes clear that "Oral agreements or commitments to loan money, extend credit or to forebear from enforcing repayment of debt including promises to extend or renew such debt are not enforceable." *See* Deed of Trust attached as **Exhibit A** to Plaintiffs' First Amended Petition. By signing the Deed of Trust, Plaintiffs have admitted they agree to its terms and are bound by the same.

Because no contract was entered, and any oral agreement (if alleged) is ineffectual, Count III must be dismissed with prejudice for failure to state a claim.

> **D.** **Plaintiffs Fail to Establish a Basis for their Claim of Fraudulent Misrepresentation (Count IV).**

To state a claim for fraudulent misrepresentation in Missouri, a plaintiff must show: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. 2010). Failure to establish any one of the elements of fraud is fatal to recovery. *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. banc

1988). Rule 9(b) requires that fraud be pleaded "with particularity," and Plaintiffs' pleading falls far short of what is required for an allegation of fraud.

First, in no place do Plaintiffs identify who made the alleged fraudulent misrepresentations to them. No particular individual is identified anywhere in Plaintiffs' fraud count. And Plaintiffs suggest they were told that they were "eligible for a 'loan modification'" but indicate only that "late fees and past due fees would be added to the 'end of the loan'" under the alleged loan modification they claim was discussed. First Amended Petition, ¶¶ 84, 85, 87, 88. But Plaintiffs do not identify any other particulars of this purported loan modification—such as the term of the loan modification, the amount of any payments, or the interest rate in connection with it. There is good policy reasoning for the notion that fraud must be plead with particularity. Bank of America can scarcely defend itself without knowing such particulars.

In essence, Plaintiffs appear to be trying to enforce an oral agreement for loan modification in their fraud count. This is an end run around the credit agreement statute of frauds, which expressly prohibits the enforcement of any such oral agreements. Perhaps realizing that they cannot prevail on a contract theory, Plaintiffs try to parlay their desire to essentially enforce an oral agreement pertaining to loan modification by converting their position into a claim for fraud. This approach should be ineffectual, under Missouri law.

      **E.**     **<u>Plaintiffs Fail To State a Claim for Negligent Misrepresentation (Count V) Because There Is No Duty.</u>**

Plaintiffs next seek to couch their claim to a permanent HAMP loan modification in terms of tort law—specifically, negligence. Plaintiffs' claim within a tort framework fails, however, because Plaintiffs do not allege, and cannot establish, that Bank of America owed a duty to them.

To state a claim within the framework of negligence under Missouri law, a plaintiff must plead facts to support each of the following elements: (1) defendants had a duty to protect plaintiff from injury; (2) defendants breached that duty; and (3) the breach was the proximate cause of plaintiff's injury. *Kulovic v. BAC Home Loans Servicing, L.P.*, No. 4:10-CV-2058 CAS, 2011 WL 1483374 (E.D. Mo. Apr. 19, 2011). Plaintiffs' position that Bank of America breached a duty and was therefore negligent fails as a matter of law because "Missouri law provides that a lender owes no duty to a borrower." *Sultan v. BAC Home Loans Servicing, L.P.*, 2:10-CV-04271-NKL, 2011 WL 1557933, at *3 (W.D. Mo. Apr. 25, 2011). Clearly, "[u]nder Missouri law, the relationship between a lender and a borrower is one of contractual obligation, *not one of duty*." *White v. BAC Home Loans Servicing, L.P.,* No. 4:10-CV-2137 CAS, 2011 WL 1483919, at *11 (E.D. Mo. Apr. 19, 2011) (emphasis added). As such, "[a] mere breach of contract [claim] does not provide a basis for tort liability…" *Id.* (citation omitted).

Here, Plaintiffs were not owed any duty by Bank of America to permanently modify Plaintiffs' loan. Without any basis for a duty on Bank of America's part, Count V fails.

**F.      Plaintiffs Fail to State a Claim under the MMPA (Count VI).**

Section 407.020 of the MMPA makes it unlawful to engage in "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or concealment, suppression, or omission of any material fact ***in connection with the sale*** or advertisement of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020 (emphasis added). Yet, where the alleged acts of deception or unfair practices are not committed in connection with the sale or advertising of merchandise, such acts cannot form the basis of a MMPA claim. *See State ex rel. Koster v. Prof'l Debt Mgmt., LLC,* Case No. ED95270, 2011 WL 1532115, at *5 (Mo. App. Apr. 5, 2011).

Here, Plaintiffs fail to allege that any deceptive or unfair practices were in connection with a sales transaction as required under the MMPA. In their original Petition, Plaintiffs alleged

that "the loan modification services performed by Bank of America constituted 'merchandise in trade or commerce' as defined in MO. REV. STAT. § 407.020.1." Petition, ¶ 96. Having now seen Bank of America's original motion to dismiss this count because a loan modification is not advertising or selling new merchandise, Plaintiffs now (in their First Amended Petition) suggest their case is about the original loan, itself. *See* First Amended Petition, ¶¶ 101, 102. But despite this sleight of hand, Plaintiffs' whole case is <u>still</u> about loan modification. *See* First Amended Petition, ¶¶ 103, 105. And, in offering a loan modification to Plaintiffs, Bank of America was not advertising or selling new merchandise to Plaintiffs. Rather, Bank of America was merely modifying the repayment terms of merchandise – Plaintiffs' home loan – that was ***previously*** sold in trade or commerce. Under such circumstances, Plaintiffs fail to properly allege that Bank of America offered "merchandise" in "trade or commerce" as defined by Missouri's Merchandising Practices Act. The MMPA just does not apply to this case, and Count VI of the First Amended Petition should be dismissed with prejudice.

### G. No Basis Exists for a Claim under the RICO Provision.

"Federal courts have long held civil RICO complaints to a somewhat higher standard of pleading and required a plaintiff to 'specifically identify, and factually plead, each element of a viable RICO claim.'" *Crest Constr. II Inc. v. On Time Auto*, No. 07-0728-CV-W-DGK, 2010 WL 3456690, at *1 (W.D. Mo. Aug. 27, 2010) (noting that most civil RICO claims have been dismissed under Rule 12(b)(6) with more vigor due to more recent federal decisions) (citation omitted).

To successfully plead a violation of a criminal RICO statute, in support of this civil RICO claim, a petition/complaint must allege "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly

invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Id.* (citation omitted).

### 1. Plaintiffs Cannot Establish a Pattern of Racketeering Activity.

For a RICO claim to survive dismissal, a plaintiff must adequately plead a "pattern of racketeering activity." *Midwest Special Surgery, P.C. v. Anthem Ins. Co.*, No. 4:09CV646TIA, 2010 WL 716105, at *8 (E.D. Mo. Feb. 24, 2010) (citing *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 918 (8th Cir. 2001)). To prove a pattern of racketeering, a plaintiff must show that the racketeering predicates are related and amount to or pose a threat of continued criminal activity. *Craig Outdoor Adver. Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1028 (8th Cir. 2008). For this, "a plaintiff must provide evidence of multiple predicate acts occurring over a substantial period of time (closed-end[ed] continuity) or evidence that the allege[d] predicate acts threaten to extend into the future (open-ended continuity)." *Crest Constr. II Inc.*, 2010 WL 3456690, at *3 (citation omitted).

Continuity cannot be established where a closed-ended scheme only lasted a few months. *Robinson v. Hawkins*, 942 F. Supp. 1234, 1237 (E.D. Mo. 1996). In fact, it is clear that a year or less of misconduct rarely constitutes a substantial amount of time necessary to support a RICO claim. *Crest Constr. II Inc.*, 2010 WL 3456690, at *3. Similarly, a single transaction, which involves only one victim and takes place over a short period of time, does not constitute the pattern of racketeering required for long-term criminal activity under a RICO claim. *See Secure Energy, Inc. v. Coal Synthetics, LLC*, No. 4:08CV1719-JCH, 2010 WL 1691327, at *2 (E.D. Mo. Apr. 27, 2010) (holding that "[r]epetitive fraudulent conduct by one set of perpetrators against a single victim, narrowly directed toward a single fraudulent goal… is a 'garden variety fraud' rather than a 'pattern' with the species of continuity required for RICO liability" to dismiss plaintiffs' RICO claim) (citation omitted).

In this case, Plaintiffs cannot establish a pattern of racketeering activity because the alleged misconduct did not take place over a substantial amount of time nor was it shown to have involved any other alleged victims. Plaintiffs' RICO count refers the Court to various paragraphs of the First Amended Petition for the details of the alleged "racketeering activity" – specifically, paragraphs 40-59. First Amended Petition, ¶ 122. First, it is unclear what Plaintiffs contend (in paragraphs 40-59) amounted to "racketeering." Second, nowhere in their proposed First Amended Petition do Plaintiffs even suggest this alleged (undefined) racketeering activity took place longer than a year. *See generally* First Amended Petition, ¶¶ 40-59.

The time-frame of what constitutes this pattern of alleged "racketeering" is unclear from Plaintiffs' First Amended Petition. It seems that the essence of Plaintiffs' allegations is rooted in the loan modification process. Plaintiffs first contacted BAC (they allege) in May, 2010, to inquire about loan modification. First Amended Petition, ¶ 47. The last date that might possibly be at issue, by Plaintiffs' own admission (as they contend that paragraphs 40-59 reflect the alleged "racketeering"), was April 8, 2011. First Amended Petition, ¶ 58. And the activity identified between May, 2010 and April, 2011, was limited. *See* First Amended Petition, ¶¶ 40-59. This is not a "pattern" of racketeering, let alone one that took place for more than a year.

Also missing is any allegation with respect to other victims. *See generally* First Amended Petition. Plaintiffs only generally suggest that borrowers other than Plaintiffs might have been affected. But their case is about their own dealings with Defendants, and involves, at most, a single victim (one married couple) in connection with one loan over (at most) several months. This is insufficient to show a racketeering pattern required for long term criminal activity under RICO.

### 2.    Plaintiffs Fail to Satisfy Pleading Requirements or Show a Pattern of Racketeering Activities for Mail or Wire Fraud.

Plaintiffs fail to plead facts to support any "pattern" of racketeering for mail or wire fraud against Defendants. Mail and wire fraud are the lynchpins of Plaintiffs' RICO claims. First Amended Petition, ¶ 122(a). A motion to dismiss is properly granted where a plaintiff fails to plead with particularity the allegations regarding the mail or wire fraud and the predicate acts of the RICO claim. *Crest Constr. II Inc.*, 2010 WL 3456690, at *5.

The mail fraud statute contemplates use of the mail to perpetrate a fraudulent scheme. *See* 18 U.S.C. § 1341. Here, Plaintiffs fail to show a "pattern" of use of the mails with respect to any fraudulent scheme. The time, place, contents and identity of the purported acts of mail fraud are flatly absent from Plaintiffs' allegations. To reiterate, Plaintiffs allege the "racketeering" is detailed in paragraphs 40-59 of Plaintiffs' First Amended Petition. First Amended Petition, ¶ 122. The only indications of Bank of America's use of the mail was on June 25, 2010 ("BAC sent a letter"); August 2, 2010 (BAC sent notice of intent to accelerate the loan); January 16, 2011 (BAC sent a default notice); February 10, 2011 (forms sent to Plaintiffs); March 23, 24, 30, 2011 (e-mails from BAC); and March 30, 2011 (notice of default). First Amended Petition, ¶¶ 48-51, 54-57. This is not shown to amount to "racketeering", nor is it a "pattern" of "racketeering," that took place for longer than a year, as the case law requires.

The wire fraud statute contemplates transmission by "wire, radio or television communication." 18 U.S.C. § 1343. Again, Plaintiffs cannot demonstrate how the use of "wire, radio or television" constitutes, in this case, a pattern of racketeering activity, as alleged. A review of Plaintiffs' First Amended Petition (which, again, Plaintiffs claim sets forth the particulars of the alleged "racketeering activity" in paragraphs 40-59), reveals very little that would fall under the purview of the wire fraud statute. There were merely isolated phone

conversations between Plaintiffs and Bank of America in May, 2010, August 2, 2010, February 10, 2011, March 21, 2011, and April 8, 2011. First Amended Petition, ¶¶ 47, 49, 51, 53 and 58. Overall, and once again, Plaintiffs' pleading as to wire fraud, the other predicate act Plaintiffs claim shows the "pattern of racketeering activity," lacks the requisite particularity and in no way demonstrates a "pattern" as is required.

## IV.    CONCLUSION

For these reasons, Bank of America requests that the Court grant its Motion to Dismiss, and dismiss Plaintiffs' First Amended Petition with prejudice.

Respectfully submitted,

**BRYAN CAVE LLP**

By:   /s/ Steven G. Brown
      Steven G. Brown,      MO No. 43931
      James D. Lawrence,      MO No. 53411
      1200 Main Street, Suite 3500
      Kansas City, MO 64105
      (816) 374-3200
      (816) 374-3300 (Fax)
      steven.brown@bryancave.com
      jdlawrence@bryancave.com

ATTORNEYS FOR DEFENDANT BANK OF AMERICA, N.A. AND BAC HOME LOANS SERVICING, LP

## <u>CERTIFICATE OF SERVICE</u>

      This certifies that on this 22nd day of August, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that a true and correct copy of the same was served via United States mail, first-class postage prepaid, addressed to the following:

Jamie Barker Landes
211 NW Executive Way, Suite J
Lee's Summit, MO 64063
ATTORNEYS FOR PLAINTIFFS

Charles Pullium
612 Sprint Drive
St. Louis, MO 63005
Telephone: (636) 537-0110
Facsimile: (636) 537-0067
cpullium@msfirm.com
ATTORNEY FOR DEFENDANT
MILLSAP & SINGER, P.C.

                                        /s/ Steven G. Brown
                                        ATTORNEYS FOR DEFENDANT BANK OF
                                        AMERICA, N.A. AND BAC HOME LOANS
                                        SERVICING, LP