**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

ANTHONY G. CORPE, *et al.*,     )
                                )
        Plaintiffs,       )
                                )
      v.                )     Case No. 2:12-CV4229-FJG
                                )
BANK OF AMERICA, N.A., *et al.*,  )
                                )
        Defendants.     )
                                )

## <u>ORDER</u>

Currently pending before the Court is Plaintiffs' Motion to Remand (Doc. No. 8 & 9). Also, pending before the Court is Defendant Bank of America's Motion to Dismiss (Doc. No. 3), Defendant Millsap & Singer P.C.'s Motion to Dismiss (Doc. No. 7), and Plaintiffs' Motion for Extension of Time (Doc. No. 10).

## I.    BACKGROUND

On July 14, 2011, Plaintiffs Anthony Corpe and Valerie Corpe ("Plaintiffs") brought suit to forestall a foreclosure in the Circuit Court of Pettis County, Missouri. On July 24, 2012, Plaintiffs filed a First Amended Petition asserting the following causes of action: (1) Declaratory Judgment; (2) Temporary Restraining Order, Preliminary Injunction, Permanent Injunction; (3) Breach of Contract/Breach of Duty of Good Faith and Fair Dealing; (4) Fraudulent Misrepresentation; (5) Negligent Misrepresentation; (6) Violation of the Missouri Merchandising Practices Act ("MMPA"); and (7) Violation of Racketeering and Influence Corrupt Organizations ("RICO") provisions. Plaintiff's seventh cause of action under RICO was raised for the first time in the First Amended

Petition.   On August 20, 2012, Defendants Bank of America and Millsap & Singer

("Defendants") removed the case to federal court pursuant  to 28 U.S.C. § 1446.  On

September 10, 2012, Plaintiffs filed the present Motion to Remand the case.  (Doc. No.

1, 8, 9, 12, & 13).

## II.      STANDARD OF REVIEW

28 U.S.C. § 1441 states in part:

(a) Generally- Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
-------
(c)  If a civil action includes (A) claim arising under the Constitution, laws or treaties of the United States, and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by the statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. 1367 Supplemental jurisdiction states in part:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

It is the Defendant's burden to prove that removal is proper and that all

prerequisites are satisfied.  See generally Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d

809, 814 (8th Cir. 1969).  The removal statute is to be narrowly construed, and any

doubt about the propriety of removal is resolved in favor of state court jurisdiction.

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); See also In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

### III.  DISCUSSION

#### A.) Plaintiff's Motion to Remand (Doc. No. 8 & 9)

Plaintiffs primarily rely on Tafflin v. Levitt, 493 U.S. 455 (1990) to assert that this action should be remanded to state court.  In Tafflin, the Court held that states have concurrent jurisdiction to consider civil claims arising under RICO.  Id. at 467.  The Court began with the established principle that under our federal system, states possess sovereignty concurrent with that of the Federal Government subject only to limitations imposed by the Supremacy Clause.  Id. at 458.  Thus, state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.  Id. at 458.  The precise question the Court considered was whether state courts are divested of jurisdiction to hear civil RICO claims by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests.  Id at 460.  The Court determined that there was no such provision under RICO.  Id. at 460-67.  Therefore, RICO claims are considered to have permissive federal jurisdiction and concurrent state jurisdiction.  Further, Plaintiffs state equitable concerns support remand.  Where both federal and state courts are equally competent to decide an action and Plaintiff chooses to file the action in state court, that choice should be respected.  Finally, Plaintiffs state judicial economy concerns support remand.  Allegations of improper foreclosure activity are widespread within the state of Missouri and the Court could find itself deluged with additional non-diverse mortgage foreclosure cases if RICO claims become commonplace in such litigation.  Additionally,

Case 2:12-cv-04229-FJG   Document 17   Filed 01/22/13   Page 3 of 6

the new removal rule taken effect in January 2012 under 28 U.S.C. § 1441(c) requires that state-law claims over which federal courts do not have supplemental jurisdiction must be severed and remanded to state court, requiring simultaneous and inefficient litigation in state and federal courts. As such, the best option is to remand the entire action to state court. Missouri foreclosure law is difficult for state courts to reconcile, and would be even harder for federal courts. Given the above, Plaintiffs assert this action should be remanded. (Doc. No. 8, 9, & 13).

Defendants assert Plaintiffs reliance on Tafflin is misplaced. Defendants state that while state courts do, indeed, have concurrent jurisdiction to preside in RICO cases, that point has no bearing on this case, because Tafflin is a case about the doctrine of "federal abstention". This case is about the doctrine of removal. The Defendants against whom the RICO claim had been lodged in Tafflin could have presumably chosen to remove the case to federal court, but they opted not to. As case law indicates, "removal is at the defendant's option." Caterpillar, Inc. v. Williams, 482 U.S. 386, 399 (1987). Similarly, in the case now before the Court, Defendants could have opted not to remove the case to federal court, but when Plaintiffs chose to interject the federal RICO claim into their First Amended Petition, Defendants then had the right to remove the case to federal court at their option. Defendants have chosen to assert this option. As such, Defendants assert this case should not be remanded to state court. (Doc. No. 12).

A RICO claim is one "arising under the laws of the United States" and thus falls within the district court's original jurisdiction and is removable pursuant to 28 U.S.C. §1441; See also 28 U.S.C. § 1331. In Emrich v. Touche Ross & Co, 846 F.2d 1190,

4

1195 -96 (9th Cir. 1988), the Ninth Circuit considered the same issue presently before this Court regarding the removal of RICO claims.[1] In Emrich, Plaintiff originally filed its claims in state court. Id. This included a RICO claim and thus, the claim was removed to federal court. Id. Plaintiff sought to have the action remanded to state court based on the argument that state courts have concurrent jurisdiction to consider claims arising under RICO. Id. The Court ruled that given Congress' failure to specifically prohibit removal, federal removal jurisdiction is retained. Id. The Court further stated that "Plaintiff is also undeniably the master of his case. Should he desire to keep the case in state court, he could base the claim squarely on state law rather than assert a parallel federal right." Id. at 1196; See also Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). Accordingly, this Court retains jurisdiction over Plaintiffs' RICO claim.

The issue now before the Court is whether to exercise supplemental jurisdiction over the remaining claims. Plaintiffs state the RICO activity predated the foreclosure activities that injured Plaintiffs and thus, the remaining claims are separate and distinct from the state-law claims brought by Plaintiffs (Doc. No. 13). As such, Plaintiffs state supplemental jurisdiction is inappropriate (Doc. No. 13). The Court disagrees with Plaintiffs. All of the claims asserted by Plaintiffs arise from the same nucleus of operative fact (Doc. No. 1). As such, the Court extends supplemental jurisdiction to the remainder of Plaintiffs' claims. Accordingly, Plaintiff's Motion to Remand (Doc. No. 8 & 9) is **DENIED**.

---

[1] The Court concurs with Defendants assessment of Tafflin and its dissimilarity to the present case in that Defendants in Tafflin did not opt for removal based upon RICO claim. Tafflin, 493 U.S. 455.

5

**B.) Defendant Bank of America's Motion to Dismiss (Doc. No. 3), Defendant Millsap & Singer P.C.'s Motion to Dismiss (Doc. No. 7), and Plaintiffs' Motion for Extension of Time (Doc. No. 10).**

On August 22, 2012, Defendant Bank of America filed a Motion to Dismiss (Doc. No. 3). Plaintiffs' response was due on or before September 10, 2012. On August 27, 2012, Defendant Millsap & Singer P.C. filed a Motion to Dismiss (Doc. No. 7). Plaintiffs' response was due on or before September 13, 2012. On September 12, 2012, Plaintiff filed a Motion for Extension of Time (Doc. No. 10) moving the Court for an extension of time for filing its response to both Motions to Dismiss. Plaintiffs requested the extension in anticipation of the Court's ruling on the Motion to Remand (Doc. No. 10). Given the Court's ruling above, Plaintiffs' Motion for Extension of Time (Doc. No. 10) is hereby **GRANTED**. Plaintiffs shall file a response to both Motions to Dismiss on or before **February 8, 2013**. Reply Suggestions shall be due **on or before February 22, 2013**.

## IV.  CONCLUSION

Plaintiff's Motion to Remand (Doc. No. 8 & 9) is **DENIED**. Plaintiffs' Motion for Extension of Time (Doc. No. 10) is hereby **GRANTED**. Plaintiffs shall file a response to both Motions to Dismiss (Doc. No. 3 & 7) on or before **February 8, 2013**. Reply Suggestions for both Motions to Dismiss (Doc. No. 3 & 7) shall be due **on or before February 22, 2013.**

**IT IS SO ORDERED.**

Date: <u>January 22, 2013</u>                          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                               Chief United States District Judge

6