IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ANTHONY G. CORPE, *et al.*,<br>　　　Plaintiffs, | )<br>)<br>) |
| v. | ) Case No. 2:12-CV4229-FJG |
| BANK OF AMERICA, N.A., *et al.*,<br>　　　Defendants. | )<br>)<br>)<br>) |

## ORDER

Currently pending before the Court is Defendants BAC Home Loans Servicing, LP ("BAC"), Bank of America, N.A. ("BOA"), and Millsap & Singer, P.C.'s ("Millsap") Motions to Dismiss (Doc. No. 4 & 7).

**I.　BACKGROUND**

This action is brought under the Home Affordable Modification Program ("HAMP"). HAMP is a loan modification program created by the U.S. Department of Treasury designed to benefit certain homeowners who are in default or at imminent risk of default to obtain permanent loan modifications. There is a two step process for doing so: First, a loan servicer determines whether it is more profitable to modify the borrower's loan or permit it to proceed to foreclosure. If modification appears desirable, servicer places borrower on a three month trial period wherein if all conditions are satisfied, then the borrower is offered a permanent loan modification.[1]

On April 19, 2005, Plaintiffs Anthony Corpe and Valerie Corpe purchased property located at 30641 McCormick Road, Sedalia, Missouri ("Property"). In order to finance the purchase of the Property, Plaintiffs executed two promissory notes – one for

---
[1] Bourdelais v. J.P. Morgan Chase, Case No. 3:10CV670-HEH, 2011 WL 1306311, * 1 (E.D. Va. April 1, 2011).

$274,000.00 with America's Wholesale Lender ("AWL") and one for $40,000.00 with Countrywide Bank, N.A. ("Countrywide"). As security for the second promissory notes, Plaintiffs executed a second Deed of Trust, naming Countrywide as lender, MERS as "beneficiary" and "nominee" and CTC Real Estate Services as Trustee. Both loans are hereinafter collectively referred to as the "Loan". On April 27, 2009 Countrywide d/b/a AWL was purchased by BOA. (Doc. No. 1).

During 2009 and 2010, Plaintiffs' small business experienced a significant reduction in revenue which made it difficult for Plaintiffs to make payments on the Loan. Plaintiffs contacted BAC, servicer of their home loan, in May 2010 to inquire about applying for a modified or replacement loan in order to remain in their home. Plaintiffs allege BAC told Plaintiffs to complete a loan application and to provide certain financial records. Plaintiffs state they provided the requested information and awaited a response. Thereafter, Plaintiffs claim they received multiple correspondences from BAC ranging from the need for additional documentation for their loan application to intent of accelerating the Loan to default notices and foreclosure notices. Plaintiffs also allege that they contacted BAC by phone or electronic mail on several occasions throughout which time they were given several conflicting responses.[2] Plaintiffs were given until April 15, 2011 to pay the total due under their Loan. However, on April 8, 2011, despite significant conflicting correspondence from previous months, Anthony Corpe was advised by telephone by BAC that Plaintiffs needed to submit a new set of forms and financial documents. BAC refused to put this correspondence in writing. Plaintiffs state that despite compliance with all of BAC's directives and all obligations under the terms of the HAMP Program Directives, Plaintiffs have not been provided with

---

[2] For a more detailed account of Plaintiff's allegations, see Plaintiff's First Amended Complaint (Doc. No. 1).

a modified or replacement loan.  Furthermore, Plaintiffs have received several Notice of Trustee's Sale dated June 28, 2011 from Millsap stating that it has been appointed Trustee of the Deed of Trust executed by Plaintiffs on August 29, 2006.  Plaintiffs state they have spent significant time and money with BAC in efforts to modify the Loan, including, but not limited to, dozens of hours on the telephone, express mail, postage and fax fees. Plaintiffs further state this ordeal has had a devastating impact on their credit history.  (Doc. No. 1).

Accordingly, on July 14, 2011, Plaintiffs filed a Petition in the Circuit Court of Pettis County, Missouri against Defendants.  On August 20, 2012, the action was removed to the Western District of Missouri.  Plaintiffs' First Amended Petition asserts claims for the following:  Count I – Declaratory Judgment; Count II – Temporary Restraining Order ("TRO"), Preliminary Injunction, and Permanent Injunction; Count III – Breach of Contract and Breach of Duty of Good Faith & Fair Dealing; Count IV – Fraudulent Misrepresentation; Count V- Negligent Misrepresentation; Count VI – Violation of Missouri Merchandising Practices Act ("MMPA"); and Count VIII- Violation of Racketeer Influenced Corrupt Organizations Act ("RICO").  (Doc. No. 1).

On August 22, 2012, Defendants BAC and BOA filed a Motion to Dismiss (Doc. No. 3).  On August 27, 2012, Defendant Millsap filed a Motion to Dismiss (Doc. No. 7).

## II. MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

On March 28, 2013, Defendants BOA and BAC filed a Motion for Leave to Supplement the Record (Doc. No. 30).  Defendants seek to supplement the record with new authority concerning its Motion to Dismiss that was just issued on March 28, 2013.

Accordingly, Defendants' Motion (Doc. No. 30) is hereby **GRANTED**. The supplemental authority attached to Defendants' Motion shall be deemed filed.

**III.     STANDARD OF REVIEW**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Graham Constr. Serv., Inc. v. Hammer & Steel, Inc., No. 4:11-CV-1316 JCH, 2012 WL 685459, at *2 (E.D. Mo. Mar. 2, 2012) (citing Eckert v. Titan Tire Corp., 514 F.3d 801,806 (8th Cir. 2008)). Additionally, the Court must accept the allegations contained in the Complaint as true and draw all reasonable inferences in favor of the nonmoving party. Id. (citing Coons v. Mineta, 410 F.3d 1036 (8th Cir. 2005)). A motion to dismiss must be granted, however, if the complaint does not contain enough facts to state a claim to relief that is plausible on its face. Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. Stated differently, to survive a motion to dismiss the Complaint's factual allegations, must be enough to raise a right to relief above the speculative level. Id.

**IV.     DISCUSSION**

As a threshold matter, Defendants seek to dismiss each count of Plaintiffs' Complaint, asserting that all of Plaintiffs' claims are based on HAMP. HAMP does not allow a private cause of action. Thus, Plaintiffs' Complaint should be dismissed. (Doc. No. 4, 7, 27 & 28).

4

While there is no private right of action under HAMP, Plaintiffs' claims are not all based on an entitlement established by HAMP, but rather on common law principles independent of HAMP. Cox v. Mortgage Electronic Registration Systems, Inc., 794 F.Supp.2d 1060, 1064 (D. Minn. 2011). Therefore, Plaintiffs' claims, at least on this ground, are permitted to proceed.

### A.) Count I – Declaratory Judgment

Plaintiffs' Complaint states there is no documentary evidence, recorded or otherwise, showing that BOA or BAC is the owner and/or holder of Plaintiffs' promissory note to Countrywide for Loan. Furthermore, Plaintiffs have been unable to locate any document, recorded or otherwise, giving notice or showing that Millsap is successor trustee for either AWL, Countrywide, CTC Real Estate Services, BOA, or BAC. Plaintiffs demand strict proof that BOA or BAC is the owner and that Millsap is the lawful successor trustee. As such, Plaintiffs request judgment declaring that: (a) neither BOA, BAC, nor Millsap are a real party in interest entitled to foreclose the Deeds of Trust securing Plaintiffs' property; and (b) Millsap has no authority to conduct a foreclosure sale. (Doc. No. 1 & 23).

Defendants state Plaintiffs have failed to state a cause of action for declaratory judgment. Specifically, Defendants state the foreclosure sale has been cancelled and a new one is not scheduled. Therefore, Plaintiffs' claim, here, is not ripe for judicial review. Furthermore, Defendants state that Plaintiffs' claim that they do not know who is the holder of the Note is baseless. Plaintiffs know that BOA is the holder of the Note

5

because BOA attached a copy of the original Note to its Motion to Dismiss Plaintiffs' original Petition and thus, it is entitled to receive payments or enforce the Note. (Doc. No. 4, 7, 27, & 28).

To state a cause of action for declaratory judgment, a petition must allege: (1) a justiciable controversy which presents a real, substantial, presently-existing dispute as to which specific relief is sought; (2) a legally protected interest; (3) that the question presented is ripe for judicial determination; and (4) that the pleader has no adequate remedy at law. Michaelree v. Millsap & Singer, P.C., Case No. 10-1172-CV-W-HFS, 2011 WL 830281, * 3 (W.D. Mo. 2011). However, before deciding whether to grant declaratory relief, courts have an independent obligation to determine whether a case presents "a real, substantial, presently-existing controversy," or is instead moot. Id. A case is moot if the decision would have no practical effect upon an existent controversy. Id. When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is moot and generally should be dismissed. Id. Here, the foreclosure sale instituted by Defendants upon which Plaintiffs base their claims has been cancelled and a new one has not been scheduled. As such, any decision by this Court on this matter would be unnecessary and thus, Count I of Plaintiffs' Complaint is moot. Accordingly, Count I is hereby **DISMISSED**.

**B.) Count II – Injunctive Relief**

Count II of Plaintiffs' Complaint seeks injunctive relief for a TRO enjoining Millsap from proceeding with the Trustee's Sale and issuance of a preliminary and permanent injunction against all acts and activities of the Defendants' affecting Plaintiffs' title to and

6

possession of the Property (Doc. No. 1). This includes proceeding with the Trustee's Sale (Doc. No. 1 & 23). Defendants also seek to dismiss this count due to lack of ripeness (Doc. No. 4, 7, 27, & 28).

Since the foreclosure sale has been canceled and a new one is not scheduled, this claim is moot. Accordingly, Count II is hereby **DISMISSED**.

### C.) Count III – Breach of Contract and Breach of Duty of Good Faith & Fair Dealing

Count III of Plaintiffs' Complaint asserts breach of contract and breach of duty of good faith and fair dealing. Plaintiffs state that if the Deed of Trust was in fact properly assigned to BOA, the Deed of Trust constitutes a contract between Plaintiffs and BOA, under which BOA has undertaken duties to act for the benefit of Plaintiffs. BOA breached its implied duty of good faith and fair dealing by soliciting Plaintiffs to contact them regarding a loan modification, repeatedly asking for documentation already provided, repeatedly transferring Plaintiffs' telephone calls among numerous representatives, and ultimately failing to offer Plaintiffs, as eligible borrowers, a temporary or permanent loan modification. Plaintiff further states BOA routinely and regularly breaches this duty with its customers. (Doc. No. 1 & 23).

Defendants BOA and BAC state Plaintiff's claim for breach of contract does not relate to the Deed of Trust, but to the bank's approach to a modification under the HAMP provision. However, there was no HAMP contract, and thus, no breach of it. As such, there is a disconnect between the purported contract and Plaintiffs' claimed breach of duty of good faith and fair dealing. Furthermore, Defendants state they are not obligated to give a loan modification. To the extent that any contract could be alleged, any such agreement can only be established through various phone

7

conversations and was not set forth in writing. Oral credit agreements are unenforceable under Missouri law. Moreover, the Deed of Trust even states oral agreements are not enforceable. Because no contract was entered and any oral agreement, if alleged is ineffectual, Count III must be dismissed. (Doc. No. 4 & 27).

Review of Plaintiffs' Complaint reveals that the claims alleged do not arise under the Deed of Trust, but rather BOA and BAC's approach to the loan modification process and not timely approving Plaintiffs for a loan. HAMP creates no duty for lenders to make loan modifications or to do so in a timely fashion. Ming'ate v. Bank of America, N.A., Case No. 11-1787 ADM/TNL, 2011 WL 4590431, *6 (D. Minn. 2011). Accordingly, Count III of Plaintiff's Complaint is **DISMISSED**.

**D.) Count IV – Fraudulent Misrepresentation**

Count IV of Plaintiffs' Complaint alleges fraudulent misrepresentation. Specifically, Plaintiffs allege that the information provided over the telephone by BAC that Plaintiffs were eligible for a loan modification from BOA and that their late fees and past-due amounts would be added to the end of the loan was false. The information provided to Plaintiffs by BAC over the telephone on March 21, 2011, specifically that BOA had completed the underwriting on their new loan application, was also false. The information provided to Plaintiffs over the telephone by Ms. Titus of BAC on March 30, 2011, specifically that the Corpes had applied for a different type of mortgage loan with BOA earlier in 2010 called the "MHA program", that BOA had completed underwriting for the MHA application in September 2010 and determined that Plaintiffs did not qualify, and that the Corpe's current application with BOA was for a different type of loan program, was also false. Plaintiffs state agents of BAC knew the information was

8

Case 2:12-cv-04229-FJG   Document 31   Filed 03/29/13   Page 8 of 13

false at the time the statements were made, or improperly made the representations without inquiry as to their truth or falsity. (Doc. No. 1 & 23).

Defendants BOA and BAC state Plaintiffs do not assert this claim with enough specificity to survive a Motion to Dismiss. Specifically, Plaintiffs do not identify who made the alleged fraudulent misrepresentations to them. Furthermore, Plaintiffs do not identify any specifics of the purported oral agreement for loan modification – such as the term of the loan modification, the amount of any payments, or the interest rate in connection with it. Finally, Plaintiffs appear to be trying to enforce an oral agreement for loan modification. This is an end run around the Credit Agreement Statute of Frauds, which expressly prohibits the enforcement of any such oral agreements. (Doc. No. 4 & 27).

Under Missouri law, the elements of fraudulent misrepresentation are the following: (1) a false, material representation; (2) speaker's knowledge of representation falsity or his ignorance of its truth; (3) speaker's intent that representation should be acted upon by hearer in the manner reasonably contemplated; (4) hearer's ignorance of the falsity of the statement; (5) hearer's reliance on statement's truth, and the right to rely thereon, and (6) proximate injury. Moses.com Sec, Inc. v. Comprehensive Software Sys, Inc., 406 F.3d 1052, 1064 (8th Cir. 2005). To recover for fraudulent misrepresentation, the plaintiff must establish every element. Id. In alleging fraud, a party must state with particularity the circumstances constituting fraud. Fed.R.Civ.P. 9(b). This means that a complaint must (1) specify the statements that the Plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent. Nuss

v. Central Iowa Binding Corp., 284 F.Supp.2d 1187 (S.D. Iowa 2003). A mere broken promise is not actionable. Id. In this case, Plaintiffs Complaint does not meet the particularity requirement for fraudulent misrepresentation in that Plaintiff has not identified the speaker of each misrepresentation. In certain instances, it appears as though Plaintiff is merely relying on broken promises to assert the fraudulent misrepresentation claim. This is not sufficient to survive a Motion to Dismiss. As such, Count IV is **DISMISSED**.

### E.) Count V – Negligent Misrepresentation

Count V of Plaintiffs' Complaint asserts negligent misrepresentation. Plaintiffs state the Deed of Trust constitutes a contract between themselves and BOA, under which BOA and BAC had a duty to act in good faith on Plaintiffs' loans and dealings. This duty extends to communicating truthful information in the course of their business relationship. BAC failed to do so by furnishing Plaintiffs with information that was false. (Doc. No. 1 & 23).

Defendants BOA and BAC state Plaintiffs' claims for negligent misrepresentation fail because Plaintiffs do not allege, and cannot establish, that BOA owed a duty to them. (Doc. No. 4 & 27).

To state a claim for negligence under Missouri law, a plaintiff must plead facts that support each of the following elements: (1) the defendant had a duty to protect the plaintiff from injury; (2) the defendant breached that duty; and (3) the breach was the proximate cause of the plaintiff's injury. Kulovic v. BAC Home Loans Servicing, L.P., No. 4:10-CV-2058 CAS, 2011 WL 1483374 (E.D. Mo. Apr. 9, 2011). The relationship between a lender and a borrower is one of contractual obligation, not one of duty.

10

Sultan v. BAC Home Loans Servicing L.P., 2:10-CV-04271-NKL, 2011 WL 1557933, at *3 (W.D. Mo. Apr. 25, 2011). Since BOA is Plaintiffs' lender, there is no duty owed and thus, a claim for negligence cannot survive. As such, Count V is hereby **DISMISSED**.

    **F.) Count VI – Missouri Merchandising Practices Act**

Count VI of Plaintiffs' Complaint asserts a claim for violation of the MMPA. Plaintiffs argue Defendants violated the MMPA because BOA's written and telephone solicitations created a deliberate impression that it would grant a loan modification upon qualification, application, and provision of requested documents. (Doc. No. 1 & 23).

Defendants BOA and BAC state Plaintiffs' position is insufficient. The MMPA requires that there be some type of fraud, misrepresentation, or unfair practice with regard to the advertising and selling of new merchandise. In offering a loan modification to Plaintiffs, BOA was not advertising or selling new merchandise to Plaintiffs. Rather, BOA was merely modifying the repayment terms of merchandise – Plaintiffs' home loan – that was previously sold in trade or commerce. Under such circumstances, Plaintiffs fail to properly allege that BOA offered "merchandise" in "trade or commerce" as defined by MMPA. (Doc. No. 4 & 27).

The MMPA makes it unlawful for any person to engage in any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. MO. REV. STAT. § 407.020.1. The scope of the MMPA does not cover events and activities that occurred well after the initial sale or advertising for the sale of the property. Strutton v. Merscorp., et. al., Case No. 12-01149-CV-W-BP, slip op. at 10-12 (W.D. Mo. Feb. 6, 2013). Here, Plaintiffs'

11

claims are for a loan modification well after the initial purchase of the home and original loan. As such, no claim for Plaintiffs exists under the MMPA. Count VI is **DISMISSED**.

### G.) Count VII – Violation of Racketeer Influenced Corrupt Organizations Act

Count VII of Plaintiffs' Complaint contains a claim for violation of RICO. Plaintiffs state that they and others have been the victims of BOA and BAC's scheme to defraud borrowers as well as the federal government since the introduction of HAMP. Plaintiffs state it is common knowledge that BOA has acted fraudulently on a regular basis in its mortgage business practices and Plaintiffs intend to offer that evidence through settlement documents with the federal government and through the testimony of other BOA and BAC borrowers. (Doc. No. 1 & 23).

Defendants state no claim exists under RICO because Plaintiffs fail to show a pattern of racketeering activity. Plaintiffs First Amended Petition reveals that this is a case about one borrower – a married couple. No particular wrongdoing – aside from the most general and conclusory of allegations – is shown as to any other borrowers. This is simply insufficient. (Doc. No. 4 & 27).

To establish a successful claim under the civil RICO statute, a complaint must allege (1) that each defendant violated the criminal RICO statute; (2) that the plaintiff suffered injury to business or property; and (3) that the injury was proximately caused by defendant's RICO violation. <u>Crest Constr. II Inc. v. On Time Auto</u>, No. 07-0728-CV-W-DGK, 2010 3456690, at *1 (W.D. Mo. Aug. 27, 2010). To successfully plead a violation of a criminal RICO statute the complaint must allege: (1) that the defendant (2) through the commissioner of two or more acts (3) constituting a pattern (4) of racketeering activity (5) directly or indirectly invests in, or maintains an interest in, or

12

participates in (6) an enterprise (7) the activities of which affect interstate or foreign commerce. Id. To establish a pattern of activity, Plaintiff must provide evidence of multiple predicate acts occurring over a substantial period of time. Id at 3. A year or less of misconduct rarely constitutes a substantial amount of time. Id. Therefore, predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement. H.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 242 (1989). Here, Plaintiffs' allegations only extend from May 2010 to April 2011. This is less than one year. Furthermore, Plaintiffs' allegations regarding other customers of BOA and BAC are only vaguely asserted. As such, Plaintiffs' RICO claim is insufficient. Count VII is **DISMISSED**.

## V. CONCLUSION

Defendants BOA and BAC's Motion to Supplement the Record (Doc. No. 30) is hereby **GRANTED**. The supplemental authority attached to Defendants' Motion (Doc. No. 30-1) shall be deemed filed. For the aforementioned reasons, Defendants BAC Home Loans Servicing, LP, Bank of America, N.A., and Millsap & Singer, P.C.'s Motions to Dismiss (Doc. No. 4 & 7) are hereby **GRANTED**. Plaintiffs' claims are dismissed.

    **IT IS SO ORDERED.**

Date: March 29, 2013                        **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri               Fernando J. Gaitan, Jr.
                                                 Chief United States District Judge